Padilla v 76 Eleventh Ave. Prop. Owner, LLC (2026 NY Slip Op 00473)

Padilla v 76 Eleventh Ave. Prop. Owner, LLC

2026 NY Slip Op 00473

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 32816/19|Appeal No. 5718, M-00161|Case No. 2025-02597|

[*1]Arcadio Pena Padilla, Plaintiff-Respondent,
v76 Eleventh Avenue Property Owner, LLC, et al., Defendants-Appellants. [And Third-Party Actions]

Bartlett LLP, Melville (Steven E. Snair of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for respondent.

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about April 18, 2025, which, to the extent appealed, as limited by the briefs, granted plaintiff's cross-motion for summary judgment with respect to liability on his claim under Labor Law § 241(6), premised upon a violation of 12 NYCRR 23-1.7(e)(2), unanimously affirmed, without costs.
Supreme Court properly granted plaintiff's motion for partial summary judgment on the basis that defendants violated 12 NYCRR 23-1.7(e)(2), which requires owners and contractors to keep "[t]he parts of floors, platforms and similar areas where persons work or pass . . . free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed." Plaintiff established prima facie that he tripped on metal debris at the foot of the ladder on which he was working. Defendants rely on the "integral to the work" doctrine, which "recognizes that certain work assignments are, by their nature, dangerous but still permissible, and the particular commands of the Industrial Code may not apply if they would make it impossible to conduct the work" (Bazdaric v Almah Partners LLC, 41 NY3d 310, 321 [2024]). Defendants claim that the debris plaintiff encountered was cut from metal sheeting plaintiff's employer was using to frame walls and that the doctrine shields them from liability for its presence. However, "[t]he doctrine does not . . . absolve a defendant of liability for the use of an avoidable dangerous condition or for failure to mitigate the danger, including as specifically provided by the Industrial Code, if preventative measures would not make it impossible to complete the work" (id). "[R]eliance on the 'integral to the work doctrine' is unpersuasive [when] appropriate preventative measures would not have made it impossible for plaintiff to do his work" (Zykowski v Chelsea-Warren Corp., 238 AD3d 498, 501 [1st Dept 2025]).
Defendants have failed to present any evidence that plaintiff could not have performed the work had the debris been removed. M-00161 — Padilla v 76 Eleventh Ave. Property Owner, LLC, et al. Motion for a stay of trial pending resolution of appeal, denied
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026